REQUESTED BY: Senator Ray Janssen, Chair General Affairs Committee Nebraska State Legislature
You have asked our opinion regarding the constitutionality of Legislative Bill 671 (2001 Legislative Session). Specifically, you have asked whether the State of Nebraska may require a person to pay the gallonage tax imposed by Neb. Rev. Stat. § 53-160
(1998) if that person "through the Internet . . . sells and ships alcoholic liquor directly to a person in this state." Although your request for our opinion asks whether the state could direct such a person "to collect the state sales tax and remit it back to the state," the language of LB 671 refers to the gallonage tax imposed under § 53-160, and not the state sales tax. Our opinion, therefore, makes reference to the gallonage tax and not state sales tax.
LB 671 would create a new class of license to be issued by the Nebraska Liquor Control Commission. The new class of license would be a shipping license authorizing persons to sell alcoholic liquor through the Internet and to ship the alcoholic liquor directly to a person in the State of Nebraska. Under current Nebraska law, shipping licenses are issued by the Nebraska Liquor Control Commission to manufacturers of alcoholic liquor, and allow the manufacturers to ship liquor to licensed wholesalers. See Neb. Rev. Stat. § 53-123.15 (1998). Persons holding shipping licenses file informational returns reflecting the quantity of alcohol shipped to Nebraska wholesalers. See Neb. Rev. Stat. §53-164.01 (1998). The Nebraska wholesalers pay the gallonage tax imposed by § 53-160.
In Section 1 of LB 671, the bill would amend Neb. Rev. Stat. § 53-123.15 with the following new language:
 The [liquor] commission may issue a shipping license to any person who, through the Internet, sells and ships alcoholic liquor directly to a person in this state. A person who receives a license pursuant to this subsection shall pay the fee required in subdivision (12) of section 53-124.
LB 671 would amend § 53-124 to add the new shipping license classification, carrying an annual fee of $500.00. Finally, LB 671 would amend § 53-162 to require the holders of such shipping licenses to pay the gallonage tax imposed by § 53-160.
In general, a state cannot impose a tax on persons outside the state who ship goods to persons in the state. Article I of the U.S. Constitution vests in the U.S. Congress the power to regulate commerce among the states and prohibits any state from laying any "imposts or duties" on imports or exports without the consent of Congress. The Twenty-first Amendment to the U.S. Constitution provides, however, that "the transportation or importation into any State, Territory or possession of the United States for delivery or use therein of intoxicating liquors in violation of the laws thereof, is hereby prohibited."
The U.S. Supreme Court has held that the power of states to regulate the transportation, importation, possession, delivery, and use of liquor under the Twenty-first Amendment is not absolute. In Bacchus Imports, Ltd. v. Dias, 468 U.S. 263 (1984), the Supreme Court held unconstitutional a Hawaii statute which provided preferential taxation to liquors produced in the state of Hawaii. In Brown-Forman Distillers v. New York State LiquorAuthority, 476 U.S. 573 (1986), the Supreme Court held unconstitutional a New York statute which attempted to eliminate competitive advantages for liquor consumers in other states. See also Bridenbaugh v. O'Bannon, 78 F. Supp.2d 828 (N.D.Ind. 1999), and Dickerson v. Bailey, 87 F. Supp.2d 691 (S.D.Tex. 2000), for examples of state legislation held unconstitutional under the Commerce Clause because of preferential treatment provided to in-state providers of alcoholic liquors.
The U.S. Supreme Court has found that state statutes may violate ordinary Commerce Clause provisions and yet survive due to the Twenty-first Amendment if they promote temperance and orderly market conditions. See Liquormart, Inc. v Rhode Island,517 U.S. 484, 516 (1996); North Dakota v. U.S., 495 U.S. 423 (1990);Hostetter v. Idlewild Bon Voyage Liquor Corp., 377 U.S. 324
(1984); Seagram Sons, Inc. v. Hostetter, 384 U.S. 35 (1966). It may be argued that LB 671 promotes interstate commerce and helps to ensure orderly and equitable market conditions for in-state and out-state vendors. Because LB 671 would treat in-state Internet sales in the same manner as interstate Internet sales, it should withstand challenges under the Commerce Clause which the Hawaii statute in Bacchus and the New York statute in Brown-Forman could not withstand.
There is one challenge that could be raised to LB 671 on Equal Protection grounds. When a state affords different treatment to different people or groups of people, the state must show at a minimum that there is a rational basis for the different treatment. See City of Cleburne v. Cleburne Living Center,473 U.S. 432 (1985). It may be alleged that there is no rational basis for the Legislature to treat persons who sell alcoholic liquor through the Internet differently from those who sell alcoholic liquor through telephone solicitation, direct mailing, or media advertisement.
In this opinion, we do not attempt to address the practical difficulties inherent in enforcement of the requirements which LB 671 would impose.
Finally, the language of LB 671 in Section 3, amending §53-162, may lead to confusion in two respects if enacted as written.
First, section 53-160 provides that the Liquor Commission shall collect the gallonage tax and account for and remit that tax to the State Treasurer at least once each week. Section 53-162
provides that individuals who have received alcoholic liquor transported into the state for which the required taxes in the state have not been paid shall pay such taxes, and such taxes shall be collected by the Nebraska Department of Revenue in the same manner as sales and use taxes. The proposed revision to §53-162 under LB 671 requires a person holding the new "shipping license" to pay the gallonage tax imposed as provided in § 53-160. LB 671 leaves within § 53-162 the provision that "the tax shall be collected by the Department of Revenue in the same manner as sales and use taxes. . . ." It is unclear whether a person holding a new shipping license issued under LB 671 would be responsible for paying the gallonage tax to the Liquor Commission as provided in § 53-160 or to the Department of Revenue in the same manner as sales and use taxes are paid. You may wish to consider striking the full sentence which begins on line 18 and ends on line 22 of page 10 of LB 671.
Second, the first sentence of section 3 of LB 671, which would amend section 53-162 of the Nebraska Statutes is confusing. You may wish to consider striking the words "who have received alcoholic liquor by transport pursuant to section 53-192" to effect your purpose.
Sincerely,
 DON STENBERG Attorney General
Laurie Smith Camp
Assistant Attorney General
APPROVED BY:
__________________________ Attorney General
Senator Ray Janssen, Chair
General Affairs Committee Nebraska State Legislature Room 1015 State Capitol Building Lincoln, N.E. 68509